EURASIA IMPORT CO., INC. v. UNITED STATES

**No. 4589.**—Entered at New York February 14, 1938.
Entry No. 816258.

Third Division, Appellate Term

(Decided June 5, 1939)

*A. H. Goodman* for the appellant.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster* and *Frank E. Carstarphen*, special attorneys), for the appellee.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is an application for review of the decision of the trial judge, Reap. Dec. 4460, in finding the value of certain straw hats exported from Italy in March 1937.

It appears from the record that an order was originally placed for 300 dozen hats at a price of $3.95 per dozen for delivery not later than the end of February 1937. The order was subsequently canceled for the reason that the manufacturer was unable to deliver the goods at the time mentioned. Later the order was replaced at a price of $3.75 per dozen to be shipped on the S. S. *Rex*, sailing on March 11, 1937. The second order was canceled because the manufacturer could not comply with the delivery date. Sixty-six dozen hats were shipped by the manufacturer on April 1, 1937, and, when they arrived in this country, they were placed in bonded warehouse under general order. The importer testified that the manufacturer was in New York and offered him the sixty-six dozen hats, which were then in bonded warehouse under general order, for $2.70 per dozen, and the goods were purchased at that price and were entered at that value on February 14, 1938. The United States appraiser valued the hats at $4.28 per dozen, less 5 per centum discount, plus packing.

The importer testified further that the hats were made on special order and the same or similar articles were not sold in Italy or to any one else in the United States.

The trial judge found that the evidence fails to establish any value for the merchandise different from the appraised value and held that the appraised value was the proper dutiable value of the goods.

Section 402 (a) of the Tariff Act of 1930 provides that the value of imported merchandise shall be the foreign value or the export value, whichever is higher. If the appraiser determines that neither the foreign value nor the export value can be satisfactorily ascertained, then the merchandise shall be appraised at the United States value. When the foreign value, the export value, or the United States value cannot be satisfactorily ascertained, then the merchandise shall be appraised at the cost of production.

We find that the record contains no evidence tending to show the foreign value, the export value, the United States value, or the cost of production of the goods. All the importer attempted to show was the price he paid for the hats by an agreement made in this country long after the exportation of the articles from Italy. The value of imported merchandise must be determined at the time of exportation.

The appellate court has repeatedly discussed the burden which rests upon an importer who appeals for a reappraisement. In the case of *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057, the court said:

We have had frequent occasion to endeavor to point out just what is required and upon whom the duty of proof primarily rests in appeals to reappraisement. In *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 165, T. D. 45276, we discussed a number of questions relating to reappraisement procedure at considerable length and cited numerous cases in support of the rules there stated. We shall not here restate the principles of law and practice there outlined.

It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

Section 501 of the Tariff Act of 1930 contains the following provision:

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

Presumptively the value found by the appraiser was the value of the goods at the time of exportation. As there was no evidence offered by the importer tending to show that the appraised value was incorrect, the trial judge was justified in finding that the appraised value was the value of the merchandise. The judgment below is affirmed.